**Martin A. POLITZER, etc.,
Plaintiff–Appellant,**

v.

**SALOMON SMITH BARNEY,
INC., Defendant–Appellee.**

No. 03–56414.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 2004.*

Decided Nov. 24, 2004.

Lesa A. Slaughter, Esq., Liner Yankelevitz et al, LLP, Los Angeles, CA, for Plaintiff–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. FED. R.APP. P. 34(a)(2).

David S. Markun, Esq., Robert K. Crowe, Esq., Markun Zusman & Compton, LLP, Pacific Palisades, CA, Liddle & Robinson L.L.P., New York, NY, William F. Alderman, Esq., Orrick Herrington & Sutcliffe, LLP, San Francisco, CA, for Defendant–Appellee.

Before: FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

The appellant brought this putative class action in state court on behalf of himself and other clients of the appellee, asserting claims based on California statute and common law to address alleged misrepresentations and omissions in connection with the purchase and sale of securities. The appellant specifically alleged damages from receiving biased and misleading advice on publicly-traded securities from the appellee. The appellee removed the case to district court because the alleged state-law claims were preempted by and subject to dismissal under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub.L. No. 105–353 (codified in part, 15 U.S.C. § 77p).

On appeal, the appellant challenges the district court's denial of his motion to remand and dismissal of his state-law claims. The district court properly determined that it had removal jurisdiction over the case. 28 U.S.C. § 1447(c). The district court was also correct in dismissing the appellant's claims as preempted because

---

SLUSA provides for the removal and dismissal of class actions brought pursuant to state law alleging misrepresentations in connection with the purchase or sale of a covered security. 15 U.S.C. § 77p(b)-(c); *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1128–29, 1131 (9th Cir.2002); *Patenaude v. Equitable Life Assurance Soc'y of the U.S.*, 290 F.3d 1020, 1023–24 (9th Cir.2003) (2002); *see also Feitelberg v. Merrill Lynch & Co.*, 353 F.3d 765 (9th Cir.2003) (adopting the district court's opinion dismissing state-law claims as preempted by SLUSA).

The appellant also argues that he should be allowed to file an amended complaint to clarify his state-law claims. This request comes too late because it is raised for the first time in his reply brief on appeal. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (declining to consider arguments raised for the first time in an appellant's reply brief); *see also Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 n. 6 (9th Cir.1994) (acknowledging that "serious questions of fairness" arise when a party advances an issue for the first time in his reply).

Accordingly, the judgment of the district court is AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.